Electronically Filed
Intermediate Court of Appeals
CAAP-13-0002428
22-AUG-2014
08:23 AM

NO. CAAP-13-0002428

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KAWAILANI AWANA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 12-1-1699)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Defendant-Appellant Kawailani Awana (**Awana**) appeals from a July 9, 2013 Judgment of Conviction and Sentence of the Circuit Court of the First Circuit (**Circuit Court**).[1] After a jury trial, Awana was found guilty of two counts of Methamphetamine Trafficking in the Second Degree, a class B felony, in violation of Hawaii Revised Statutes (**HRS**) § 712-

---

[1] The Honorable Rom A. Trader presided.

1240.8 (Supp. 2013),[2] for offenses that occurred on September 13, 2012 and October 3, 2012.

Awana raises a single point of error on appeal, *i.e.*, that the Circuit Court "erred in admitting the evidence of anonymous tips, undercover surveillance and Chong's bad acts of September 11[th] and 12[th] of 2012."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, applicable authorities, and the issues raised by the parties, we resolve this point of error as follows:

Hawai'i Rules of Evidence (**HRE**) Rule 402 provides: "All relevant evidence is admissible, except as otherwise

---

[2]    HRS § 712-1240.8 states the following:

   [§ 712-1240.8]  **Methamphetamine trafficking in the second degree.**  (1) A person commits the offense of methamphetamine trafficking in the second degree if the person knowingly distributes methamphetamine in any amount.
   (2) Methamphetamine trafficking in the second degree is a class B felony for which the defendant shall be sentenced as provided in subsection (3).
   (3) Notwithstanding sections 706-620, 706-640, 706-641, 706-660, 706-669, and any other law to the contrary, a person convicted of methamphetamine trafficking in the second degree shall be sentenced to an indeterminate term of imprisonment of ten years with a mandatory minimum term of imprisonment of not less than one year and not greater than four years and a fine not to exceed $10,000,000; provided that:
   (a)    If the person has one prior conviction for methamphetamine trafficking pursuant to this section or section 712-1240.7, the mandatory minimum term of imprisonment shall be not less than three years, four months and not greater than six years, eight months;
   (b)    If the person has two prior convictions for methamphetamine trafficking pursuant to this section or section 712-1240.7, the mandatory minimum term of imprisonment shall be not less than six years, eight months and not greater than ten years; or
   (c)    If the person has three or more prior convictions for methamphetamine trafficking pursuant to this section or section 712-1240.7, the mandatory minimum term of imprisonment shall be ten years.

provided by the Constitutions of the United States and the State of Hawaii, by statute, by these rules, or by other rules adopted by the supreme court. Evidence which is not relevant is not admissible." Relevant evidence, according to HRE Rule 401, is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Thus, "the relevance inquiry requires a two-step analysis: (1) is the fact for which the evidence is proffered of consequence to the determination of the action; and (2) does the proffered evidence tend to alter the probability of that fact." State v. Kupihea, 80 Hawai'i 307, 315, 909 P.2d 1122, 1130 (1996) (internal quotation marks omitted). A trial court's determinations concerning relevance under HRE Rule 401 and 402 are reviewed under the right/wrong standard. See State v. St. Clair, 101 Hawai'i 280, 286, 67 P.3d 779, 785 (2003); State v. Duncan, 101 Hawai'i 269, 274, 67 P.3d 768, 773 (2003).

HRE Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." According to the Hawai'i Supreme Court, "unfair prejudice means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." State v. Behrendt, 124 Hawai'i 90, 120, 237 P.3d 1156, 1186 (2010) (emphasis, citations, internal quotation marks, and

brackets omitted). We review the Circuit Court's determination regarding HRE Rule 403 under the abuse of discretion standard. Duncan, 101 Hawai'i at 274, 67 P.3d at 773. Thus, error will only be found if the court "clearly exceed[ed] the bounds of reason or disregard[ed] rules or principles of law or practice to the substantial detriment of a party litigant." Id. (citation omitted).

In the present case, the anonymous complaints and the August surveillance were both relevant and admissible. The evidence was offered to provide an explanation for the subsequent police actions taken in investigating Awana and the narcotics trafficking activity around the Cartwright Field area in general. This was "of consequence to the determination of the action" because it revealed why the police were investigating the area in the first place, and it highlighted that they had a specific purpose and agenda. In other words, the evidence provided important background information regarding the nature and extent of the undercover operation that led to Awana's arrest. See State v. Agrabante, 73 Haw. 179, 199, 830 P.2d 492, 502 (1992) (explaining that evidence regarding an undercover investigation "was relevant background information regarding the nature and extent of the undercover investigation and the reverse buy operation" in addressing the defendant's prosecutorial misconduct argument). Thus, although the evidence did not link Awana to the activities reported in the anonymous complaints or place her in the vicinity of Cartwright Field, it was nevertheless relevant because it made the testimony regarding police actions leading up

to Awana's arrest "more probable . . . than it would be without the evidence." See HRE Rule 401.

Similarly, the evidence regarding Chong's acts on September 11 and 12 of 2012 was also relevant and admissible. The evidence was offered for the purpose of explaining police actions in their investigation of Awana, as well as for the purpose of providing credibility to the police identifications of Awana on September 13 and October 3, 2012. This was "of consequence to the determination of the action" because it provided pertinent background information on the extent and nature of the police investigation, and it also served to undercut Awana's defense that Officer Chun mistakenly identified her and that "proper procedures were not followed in this case." The evidence of Chong's acts on September 11 and 12, 2012 was relevant. It explained the police actions taken and the procedures leading up to the investigation of Awana. Thus, this evidence rendered the police testimony regarding Awana and the investigation more probable than it would have been without the evidence. See HRE Rule 401. The evidence of Chong's September 11 and 12, 2012 acts was also relevant to show that the police identifications of Awana on September 13 and October 3, 2012 underwent a consistent, similar protocol to the successful identifications of Chong on September 11, 12, and 13, 2012. The testimony regarding Officer Chun's interactions with Chong on September 11 and 12, 2012 thus made it more probable that he did not mistakenly identify Awana, which thereby made it more

difficult for Awana to use misidentification as a plausible, viable defense. See HRE Rule 401.

We also conclude that the Circuit Court did not abuse its discretion when it determined that the probative value of the evidence was not substantially outweighed by any risk of unfair prejudice or other danger under HRE Rule 403. Awana was not implicated in any illegal activities before September 13, 2012, as it is undisputed that the evidence made no mention of Awana in the anonymous complaints, the August surveillance, or the interactions with Chong on September 11 and 12, 2012. In fact, the State acknowledged that "the evidence will show that [Awana] was never on the police's radar, namely, they were unaware of her" and that "[t]he prosecution isn't inferring that she was there on those days." In addition, the Circuit Court issued a limiting instruction specifically precluding the jury from considering the evidence as establishing Awana's "bad character" or "as indicating that [Awana] may have acted in conformity therewith on any other occasion." Cf. State v. Austin, 70 Haw. 300, 308-09, 769 P.2d 1098, 1102-03 (1989) (evidence of major undercover drug operation overly prejudicial where guilt by association was too strong and no limiting instruction was given). We reject Awana's assertion that the Circuit Court's limiting instruction did nothing to "mitigate the harm from the admission of [the] evidence" because the court "absolutely failed to give its limiting instruction on the second day of trial when a different witness testified." The court read the limiting instructions on the first day of the trial prior to the

presentation of the evidence, as Awana requested upon an inquiry by the court. Awana provides no authority or explanation as to why the court was required to repeat its limiting instruction again before the testimony on the second day of trial, nor does she show that the record reflects that she requested the limiting instruction to be read at that time. The instruction was given again later on the second day, prior to jury deliberations.

For these reasons, we affirm the Circuit Court's July 9, 2013 Judgment of Conviction and Sentence.

DATED: Honolulu, Hawai'i, August 22, 2014.

On the briefs:

Walter J. Rodby
for Defendant-Appellant

Sonja P. McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge